**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUHAMMAD ASHRAF, AKA Muhammad Ashraf Khan; NAILA ASHRAF, AKA Naila Gul, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-70423 Agency Nos. A096-489-393 A096-489-394 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and KELLY*** and MILLER, Circuit Judges.

Petitioners Muhammad Ashraf and Naila Ashraf petition for review of a

decision by the Board of Immigration Appeals (Board) dismissing their appeal of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners argue that the IJ and Board's determination was not supported by substantial evidence. Mr. Ashraf claims that he fears persecution if he and his family were to return to Pakistan. As a member of the Pakistan People's Party (PPP), he fears persecution by the ruling government. Mr. Ashraf also fears he will be targeted as a returning Pakistani viewed as an American spy. Mr. Ashraf also claims that his asylum application was delayed because he was misled by two contacts who promised to assist him with filing a claim, but who failed to do so. We have jurisdiction under 8 U.S.C. § 1252. We dismiss the challenge to the finding that Petitioners untimely filed their applications for asylum for lack of jurisdiction and deny the petition for review of the remaining claims. Because the parties are familiar with the facts and procedure underlying this case, we need not recount them in detail here.

## STANDARD OF REVIEW

Where the Board incorporates an IJ's decision, this court reviews both decisions together. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). We review the Board's determination for substantial evidence and will overturn if the evidence *compels* the conclusion that the decision was incorrect. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

**DISCUSSION**

## A. Jurisdiction to Review

This court lacks jurisdiction to review the determination that Mr. Ashraf failed to establish extraordinary circumstances excusing his failure to timely file his asylum application. Applicants must file an asylum application within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The Attorney General may excuse the deadline if the applicant demonstrates "extraordinary circumstances" for a filing delay. 8 U.S.C. § 1158(a)(2)(D). Congress limited jurisdiction to review the Attorney General's determination. 8 U.S.C. § 1158(a)(3). However, pursuant to 8 U.S.C. § 1252(a)(2)(D), the court can review questions of law where the facts are undisputed, i.e., mixed questions of law and fact. *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008).

Petitioners concede that their asylum applications were untimely filed. They contend that the IJ and Board erred by concluding that Mr. Ashraf was not a credible witness. However, Mr. Ashraf's challenge to the IJ's adverse credibility determination places the facts in dispute and deprives this court of jurisdiction.

## B. Withholding of Removal/Relief under the CAT

There was also substantial evidence to support the IJ and Board's finding that Petitioners did not qualify for withholding of removal or relief under the CAT. The Attorney General must withhold removal if the applicant's life or freedom

3

would be threatened due to his or her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Absent past persecution, a petitioner must show that he will "more likely than not" be persecuted. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)). A reasonable fear of future persecution must be based on "individualized rather than generalized risk." *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

Grounds for withholding of removal include that the applicant holds a political opinion that would motivate persecutors, *Navas v. I.N.S.*, 217 F.3d 646, 656 (9th Cir. 2000), that persecutors may have an erroneous belief as to the applicant's political affiliation or opinion, *Kumar v. Gonzales*, 444 F.3d 1043, 1054 (9th Cir. 2006), or that applicants will be members of a persecuted social group, *Matter of M-E-V-G-*, 26 I.&N. Dec. 227, at 237 (B.I.A. 2014). However, Petitioners only made speculative claims based on evidence of some returnees and PPP members being targeted for violence. They have not established that they will more likely than not be individually persecuted. An applicant for relief under the CAT must establish that it is more likely than not that he would be tortured if returned. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001). However, Petitioners failed to establish that they will more likely than not be tortured if

4

returned to Pakistan. Petitioners claim that the government would likely arrest Mr. Ashraf and torture him but cite no evidence to support this claim.

Accordingly, the petition for review is

**DISMISSED IN PART and DENIED IN PART.**